UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HERTA MARTHA SHIKAPWASHYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-01961-AGF |
| | ) | |
| URBAN LEAGUE OF METROPOLITAN ST. LOUIS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM & ORDER**

This matter is before the Court on Defendant's motion to amend the Case Management Order ("CMO") (ECF No. 60) and motion to compel (ECF No. 61). Plaintiff opposes both motions (ECF No. 64).[1] Upon due consideration, the motions will be granted in part and denied in part.

## **BACKGROUND**

This is an employment discrimination action filed by Plaintiff, who is proceeding pro se, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*. The parties are operating under a CMO issued by the Court on January 19, 2018. ECF No. 29. Pursuant to that CMO, Defendant sought, and the Court granted, a Rule 35 Mental Examination of Plaintiff, which must be completed August 31, 2018. ECF Nos. 50, 52, 53. Mediation in this case is scheduled for August 9, 2018.

## **DISCUSSION**

---

[1] Plaintiff's opposition was filed by limited scope ADR counsel appointed by the Court on March 1, 2018. ECF No. 32.

1

Motion to Amend CMO

Defendant now requests an extension of the deadlines by which it must disclose expert witnesses. In support, Defendant states that the current CMO requires Defendant to disclose expert witnesses and provide summaries and reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and (C) no later than July 31, 2018. However, the examination of Plaintiff is set in August 2018 and complies with the provision of the CMO for such an examination. Defendant also states that it intends to use an IT expert, but that Plaintiff has not yet provided her electronic devices to that expert, thus hindering the expert's ability to prepare a report.

Federal Rule of Civil Procedure 16(b) specifies that a CMO "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the requisite showing. The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

Here, Defendant diligently complied with the CMO with regard to seeking and obtaining a Rule 35 mental examination of Plaintiff. Therefore, the motion to extend expert disclosure deadlines will be granted as to Dr. Elizabeth Pribor, who must complete Plaintiff's examination by August 31, 2018. However, the Court will deny the extension as to the IT expert. Defendant has not brought to the Court's attention any issues with obtaining Plaintiff's cell phone, the reason for requesting the phone, or the reason for the delay in obtaining the phone.

Motion to Compel

In its motion to compel, Defendant seeks "both psychiatric and general medical records dating back at least ten (10) years" for use by its medical expert, Dr. Pribor.[2] ECF No. 61 at ¶ 12. Defendant contends that Dr. Pribor is entitled to review those records prior to her examination of Plaintiff because Plaintiff is seeking more than garden variety emotional distress and damages. Further, Defendant maintains that it seeks the records of all providers because while many individuals seek treatment from doctors for physical conditions, those visits also result in treatment for mental health issues. Defendant proposes that the records be released directly to Dr. Pribor to alleviate Plaintiff's concerns regarding privacy. Plaintiff argues in her opposition that the request is overbroad, as she has denied ever being treated for mental issues prior to the termination of her employment with Defendant.

The Federal Rules of Civil Procedure provide for broad discovery. Under Federal Rule of Civil Procedure 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Thus, although the Federal Rules permit broad discovery, the discovery sought must be nonprivileged and relevant.

Here, the Court agrees that individuals may seek treatment for mental health conditions with their primary care physicians, and such treatment would be reflected in the medical records of those providers. However, seeking the records of all of Plaintiff's

---

[2] The sample medical authorization submitted by Defendant seeks medical records for the time period beginning January 1, 2008 through the present. ECF No. 61-4.

health care providers for a period of 10 years is overbroad.  Therefore, the Court will grant Defendant's motion to compel in part.  Plaintiff will be directed to execute authorizations for records from her primary health care providers, as well as any provider prescribing medication to address mental health issues (such as depression or anxiety). Those authorizations must be limited to a period of five years, or January 1, 2013 through the present.

Lastly, although the Court has not yet received Defendant's response to Plaintiff's pending motion for protective order that was filed by limited scope counsel, the Court cautions Defendant that it must comply with all discovery requests and timely supplement its Rule 26 disclosures, as set forth in the Federal Rules of Civil Procedure.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to amend the case management order is **GRANTED in part and DENIED in part**.  ECF No. 60. Defendant shall disclose Dr. Pribor as an expert witness and shall provide her summaries and reports required by Rule 26(a)(2)(B) and (C), Fed. R. Civ. P., no later than **August 30, 2018**, and shall make Dr. Pribor available for deposition, and have that deposition completed, no later than **September 30, 2018**.  Except as set forth in this Order, the Case Management Order previously entered remains in effect.

**IT IS FURTHER ORDERED** that Defendant's motion to compel the production of medical records is **GRANTED in part and DENIED in part**. ECF No. 61. Plaintiff shall execute medical authorizations within the parameters set forth in this Order.

                                                _____
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2018.